John H. Wood *v.* M. W. Green.

## SUPREME COURT—IN BANCO.

### JULY TERM—1859.

#### JOHN H. WOOD *vs.* M. W. GREEN.

As to the legal age of majority at which a person becomes bound by a con-
tract for goods furnished him, the *lex loci contractus aut actus* must govern.

The father of the minor son can not be held liable for articles furnished the
latter on his own individual credit, nothing being shown to raise an implied
obligation on the part of the parent.

Judge ROBERTSON delivered the decision of the Court as
follows :

Plaintiff brought his action in the Police Court of Honolulu,
claiming from the defendant the sum of $25 87, for articles
furnished to F. M. Green, the defendant's son, in the year 1855.
Judgment was given for the defendant, and plaintiff appealed
to this Court.

It appears that the defendant's domicil is in the state of New
Hampshire, but at the time this action was commenced, he was
in command of an American ship lying in the port of Honolulu.
His son, F. M. Green, was living in Honolulu in the year 1855,
and was employed as a clerk in a mercantile establishment here,
when supplied by the plaintiff with the goods in question, at
which time he was between twenty and twenty-one years of
age.

By the law of New Hampshire, which fixes the age of ma-
jority at twenty-one years, F. M. Green was still a minor when
the articles were furnished to him by the plaintiff, and it is
argued therefore by the plaintiff, that the domicil of the father
being also that of the son, during his minority, the former is
liable for the price of the articles so furnished, as for necessa-
ries supplied to his infant son. On the other hand, it is con-
tended by the defendant, that, as by the law of this Kingdom,
the age of majority is fixed at twenty years, in males, F. M.
Green, at the time he purchased the goods of the plaintiff, was
of competent age to bind himself by his contract, under the
laws of this country, and that the *lex loci contractus* must govern

John H. Wood *v.* M. W. Green.

in this case. It is argued further, that the defendant is not liable even for necessaries supplied to his infant son, unless his express authority is proved, or unless such circumstances are shown as will raise an implied authority; and that, in this case, the evidence shows that the plaintiff furnished the articles to F. M. Green upon his own individual credit, and not upon the credit of the defendant. It was principally upon the last ground mentioned, that the Police Justice gave his judgment in favor of the defendant.

The question as to how far the law of the domicil of birth shall be held to govern the condition and capacity of the minor, in a case like the present, is one upon which a great diversity of opinion has existed among writers on the civil law and on the conflict of laws. An able and lengthy review of the diverse opinions held by many of those writers is to be found in Mr. Justice Story's great work on the Conflict of Laws. At the conclusion of the discussion, the learned author has brought together some of the rules on the subject, which, he says, seem best established in the jurisprudence of England and America. One of these rules is stated thus: "As to acts done, and rights acquired, and contracts made in other countries, touching property therein, the law of the country, where the acts are done, the rights are acquired, or the contracts are made, will generally govern in respect to the capacity, state, and condition of persons." (Sec. 102, p. 188.) Farther on he says, "Hence we may deduce, as a corollary," from the propositions previously laid down, " that in regard to questions of minority or majority, competency or incompetency to marry, incapacities incident to coverture, guardianship, emancipation, and other personal qualities and disabilities, the law of the domicil of birth, or the law of any other acquired and fixed domicil, is not generally to govern, but the *lex loci contractus aut actus*, the law of the place where the contract is made, or the act done. Therefore, a person who is a minor, until he is of the age of twenty-five years by the law of his domicil, and incapable, as such, of making a valid contract there, may nevertheless in another country, where he would be of age at twenty-one years, generally make a valid contract at that age, even a contract of marriage." (Sec. 103, p. 190.) This.

doctrine seems to be sustained by Mr. Burge, in his Commentaries on Colonial and Foreign Law, as cited in Story on Conflict of Laws, p. 189; by the Supreme Court of Louisiana, in the case of Andrews *vs.* His Creditors, (11 Louis. Rep., p. 464,) and in the case of Baldwin *vs.* Gray, on which occasion the Court said, "A foreigner coming into Louisiana, who was twenty-three years old, could not escape from a contract with one of our citizens, by averring that, according to the laws of the country he left, he was not a major until he reached the age of twenty-five." In the case of Male *vs.* Roberts, (3 Esp. N. P. R., p. 163,) where money had been advanced for a minor during his stay in Scotland, (who seems to have had his general domicil in England,) it was held by Lord Eldon, that the question, whether in an English court, a recovery could be had for the money so advanced, depended upon the law of Scotland; for the general rule was that the law of the place, where the contract is made, must govern the contract. (See also Thompson *vs.* Ketcham, 8 Johnson's Rep., p. 189; Freemoult *vs.* Dedire, 1 Peere Williams' Rep., p. 429; Kent's Commentaries, vol. 2, pp. 244, 245, note C.)

That F. M. Green was of legal capacity to make a valid and binding contract, in this Kingdom, at the time he purchased the goods from the plaintiff, and that a recovery could have been had against him on such contract, even in the courts of the country of his native domicil, we think is clear both upon principle and authority.

And we are of opinion that the ground upon which the judgment of the Police Justice was given in favor of the defendant, is just and sound. At the time the plaintiff furnished the goods to F. M. Green, the defendant was not within the Kingdom, nor is there any evidence that he ever had been; F. M. Green was employed in a respectable place, earning his own livelihood; the goods were delivered to him, and charged to him on the plaintiff's books; and all the circumstances tend to show that the plaintiff relied solely upon the credit of F. M. Green himself. It is not pretended that the minor had been driven from home by his father, or that he was destitute of the means of support by reason of his father's neglect to provide for him, or of his own inability to earn a maintenance; nor is anything whatever shown that could raise an implied obligation on the part of the defendant to pay for the goods.

Under these circumstances, the *onus* is upon the plaintiff to make out the defendant's liability, aside from the mere fact of his being the father of the party furnished with the goods; and this he has failed to do.

The judgment of the Court below is affirmed.

A. B. Bates, for plaintiff.

C. C. Harris, for defendant.